O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CONDER, JR., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOME SAVINGS OF AMERICA; AURORA LOAN SERVICES LLC; and DOES 2 through 20, inclusive,<br><br>　　　　　　　　Defendants.<br>_____ | CASE NO. CV 07-7051 AG (CTx)<br><br>**AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

　　　This case, like many others before this Court, involves the sale of an option adjustable-rate mortgage loan. Plaintiff John Conder ("Plaintiff") filed a Second Amended Complaint ("SAC"). Here, Defendants Home Savings of America ("HSA") and Aurora Loan Services, LLC ("Aurora") (collectively "Defendants") each move for partial dismissal of Plaintiff's claims. After reviewing the arguments submitted by the parties, the Court GRANTS Aurora's Motion to Dismiss, and GRANTS HSA's Motion to Dismiss.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's SAC, and as it must for this Motion, the Court assumes them to be true.

Plaintiff refinanced his existing home loan on October 13, 2006, by purchasing an Option Adjustable Rate Mortgage ("Option ARM") loan from HSA. (SAC ¶ 4.) Later, Aurora became the servicer of the loan. (SAC ¶¶ 7, 79.)

According to the loan documents HSA gave Plaintiff, the loan featured a fixed 1.25% interest rate and a low payment rate for the first several years of the loan term. (SAC ¶¶ 18, 22.) The Truth in Lending Disclosure Statement that HSA gave Plaintiff included a payment schedule with monthly payments based on that 1.25% interest rate for the first several years of the loan term, and an increased payment after the first several years. (SAC ¶¶ 18, 86-87.) HSA represented that Plaintiff's monthly payments would be applied to "principal and interest." (SAC ¶¶ 74, 87.) Although the required payment stayed low, Plaintiff's interest rate went up after the first month. (SAC ¶¶ 18-19.) As a result, Plaintiff's payments were not applied to his principal, and he experienced negative amortization on his home loan. (SAC ¶¶ 2, 19, 78.)

Plaintiff's First Amended Complaint ("FAC") was brought against HSA. In the FAC, Plaintiff brought four claims, based on breach of contract; fraudulent omissions; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* On March 31, 2009, this Court granted in part and denied in part HSA's motion to dismiss Plaintiff's FAC ("March 31 Order"). In the March 31 Order, the Court denied HSA's motion to dismiss the breach of contract claim, but granted the motion as to the claims for fraudulent concealment, UCL, and TILA. The Court gave Plaintiff leave to amend his complaint.

Plaintiff has now filed a Second Amended Complaint, adding ALS as a Defendant. Plaintiff brings four claims, numbered as follows: (1) Violations of TILA, 15 U.S.C. §§ 1601, *et seq.*, against HSA; (2) breach of contract, against all Defendants; (3) fraudulent omissions,

1  brought against HSA; and (4) unfair competition in violation of UCL, Cal. Bus. & Prof. Code §§
2  17200, *et seq.*, against all Defendants.

**PRELIMINARY MATTERS**

Plaintiff, Aurora, and HSA all submitted numerous requests for judicial notice of documents.  The Court first notes that the Note and Truth in Lending Disclosure Statement were attached as exhibits to Plaintiff's SAC as Exhibits A and B.  As such, they are part of the SAC and the Court may consider the documents without taking judicial notice of them.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2000).  The Court did not find it necessary to rely on any of the other documents provided by the parties.  Thus, all requests for judicial notice are DENIED as moot.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations' are not required."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at

1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

**1. PLAINTIFF'S FIRST CLAIM FOR RELIEF, FOR VIOLATION OF TILA**

Plaintiff's first claim for relief, for violation of TILA, is brought against HSA. Plaintiff requests damages and rescission of the loan. HSA moves to dismiss this claim because it is barred by the statute of limitations.

An action for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). The violation occurs upon consummation of the loan. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). A loan is deemed consummated at "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). In its March 31 Order, the Court dismissed Plaintiff's claim for damages under TILA as time-barred, finding that Plaintiff did not bring the action within one year of the alleged TILA violations.

Now, Plaintiff asks the court to apply the "equitable tolling" doctrine. (SAC ¶¶ 57-59.) Equitable tolling requires the following elements: "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." *Fed. Election Comm'n v. Williams* 104 F.3d 237, 240-41 (9th

Cir. 1996). Here, Plaintiff alleges that he "could not discover" the alleged violations of TILA "until at least several months after" the date his loan with HSA closed. (SAC ¶ 57.) "Several months" after the closing date was within the one year limitations period. Thus, under the facts pled, Plaintiff made the discovery of operative facts within the limitations period. Because a required element of equitable tolling is "the failure of the plaintiff to discover the operative facts . . . within the limitations period," *Williams*, 104 F.3d at 240, the SAC does not support the application of the equitable tolling doctrine. The Court finds *at this stage* that Plaintiff's claim for damages under TILA is time-barred as pled in the SAC. But the Court is concerned that this issue was not sufficiently briefed. Accordingly, Defendants' Motions are GRANTED as to Plaintiff's TILA claim for damages with leave to amend so that the Court may further examine the applicability and application of the equitable tolling doctrine to the facts of this case.

Plaintiff's TILA claim for rescission fails as well. Under TILA, a borrower is permitted to rescind a loan as a matter of right within three business days after consummation of the loan. 15 U.S.C. § 1635(a); 12 C.F.R. 226.23(a)(3). If a lender fails to make the required "material disclosures" listed in Regulation Z, the right to rescind is extended to three years. 15 U.S.C. §§ 1635 (a), (f). "Regulation Z defines the term 'material disclosures' as 'the required disclosures of annual percentage rate, the finance charge, the amount financed, the total of payments and the payment schedule.'" *King,* 784 F.2d at 913 (citing 12 C.F.R. 226.23 n. 48). If the alleged deficiencies were not among the "material disclosures" listed in Regulation Z, rescission is not available after the three day period. *King*, 784 F.2d at 913.

Here, Plaintiff challenges two of the "material disclosures" listed in Regulation Z: (1) The payment schedule and (2) the APR. Plaintiff first alleges that the payment schedule violates TILA because the payments listed in the first few years are less than would be required to amortize the loan. (SAC ¶¶ 50.) To comply with TILA and Regulation Z, the disclosures must "reflect the terms of the legal obligation between the parties." 12 C.F.R. 226.17(c)(1). Plaintiff was "legally obligated" to pay the minimum payment each month. *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1064 (C.D. Cal. 2008). Plaintiff was not "legally obligated" to

5

1  make monthly payments sufficient to fully amortize the loan for the first few years. *Id.* Plaintiff
2  does not allege that the amounts listed in the payment schedule did not reflect the minimum
3  payments required. Because the minimum payment is the legal obligation, the payment schedule
4  cannot be the basis for a violation of Regulation Z. 12 C.F.R. 226.17(c)(1).

5  Next, Plaintiff alleges that the APR disclosure was insufficient because it "conflicts" with
6  the initial interest rate. (SAC ¶¶ 53-65.) Other courts in this district have rejected this same
7  argument. *See Velazquez*, 605 F. Supp. 2d at 1061-63. "APR and interest rate are distinct." *Id.*
8  at 1062. Specifically:

> As directed by 15 U.S.C. § 1606, APR is calculated in relation to the "finance charge." 15 U.S.C. § 1606. "Finance charge," meanwhile, is defined as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a). Examples of the types of charges that go into the determination of a credit charge include interest, service charges, loan fees, fees for a credit report, and fees for insurance. *Id.* . . . Essentially, both APR and the finance charge center on the same concept, the cost of credit. TILA requires that the cost of credit be expressed both as a dollar amount, the finance charge, and a yearly percentage rate, the APR.

17  *Id.* at 1061-62. "Because 'APR' was a term of art defined in the regulations, any 'perceived
18  inconsistency'" arises "'from the lender's compliance with the truth-in-lending requirements.'"
19  *Id.* at 1062 (citing *Smith v. Anderson*, 801 F.2d 661, 663 (4th Cir. 1986)). Accordingly, Plaintiff
20  did not plead facts supporting violations of TILA based on the APR disclosure required by
21  Regulation Z.

22  Thus, Plaintiff's claim against HSA for violations of TILA is DISMISSED.

24  **2.     PLAINTIFF'S SECOND CLAIM FOR RELIEF, FOR BREACH OF CONTRACT**

26  Plaintiff's second claim for relief, for breach of contract, is brought against all
27  Defendants. Because the Court denied HSA's motion to dismiss the FAC on the breach of

6

contract claim, HSA does not move to dismiss this claim. Aurora, on the other hand, is a newly added party that did not participate in the motions to dismiss the FAC, so it moves to dismiss the breach of contract claim on grounds that, among other things, it was not a party to the contract. The Court agrees with Aurora, and finds that Plaintiff failed to state a claim for breach of contract against Aurora.

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). "As a loan servicer, Aurora is not a party to the deed of trust itself." *Lomboy v. SCME Mortg. Bankers,* No. C-09-1160 SC, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009) (citing *Ruff v. America's Servicing Co.*, No. 07-489, 2008 WL 1830182 (W.D. Pa. Apr. 23, 2008) (holding that servicer "was not a party to the mortgage")). The fact that Aurora entered into a contract with HSA to service Plaintiff's loan does not create contractual privity between Aurora and Plaintiff. *Lomboy*, 2009 WL 1457738 at *5; *see also Connors v. Home Loan Corp.*, No. 08-1134 L, 2009 WL 1615989, at *6 (S.D. Cal. June 9, 2009) (plaintiff "failed to plead any facts that might constitute an agreement or meeting of the minds between [the plaintiff and loan servicer], and thus [could] not establish an implied contract."). Accordingly, Plaintiff has failed to state a claim for breach of contract against Aurora, so Aurora's Motion to Dismiss is GRANTED as to the breach of contract claim.

**3.    PLAINTIFF'S THIRD CLAIM FOR RELIEF, FOR FRAUDULENT OMISSIONS**

Plaintiff's third claim, for fraudulent omissions, is brought against HSA. HSA moves to dismiss the fraudulent omissions claim on the grounds that the Home Owners Loan Act ("HOLA") preempts the common law cause of action.

In the March 31, 2009 Order, this Court granted HSA's motion to dismiss the fraudulent omissions claim in the FAC on federal preemption grounds. (March 31 Order 7:11-9:11.) In

the FAC, Plaintiff alleged that HSA had a duty to disclose under both TILA and common law. This Court found that Plaintiff's claim was preempted. (March 31 Order 7:23-24; 7:24-26.) In the SAC, Plaintiff now alleges that the fraudulent omissions claim is based on HSA's failure to disclose in the Note that: (a) The 1.25% interest rate would apply for only one month; and (b) the scheduled monthly payments would be insufficient to pay both principal and interest. (SAC ¶¶ 86-87.)

"In enacting HOLA, Congress gave the organization now known as the Office of Thrift Supervision ("OTS") plenary authority to issue regulations governing federal savings and loans. 12 U.S.C. § 1464." *Reyes v. Downey Sav. & Loan Ass'n, F.A.*, 541 F.Supp. 2d 1108, 1112 (C.D. Cal. 2008). In 1996, acting under the authority that Congress granted to it in 12 U.S.C. §§ 1463-64, OTS issued 12 C.F.R. § 560.2 ("Section 560.2") to declare that OTS "occupies the entire field of lending regulation for federal savings associations." Section 560.2(a).

In *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008), the Ninth Circuit detailed the proper analysis for determining whether state law claims are preempted by HOLA under Section 560.2. The first step is to "determine whether the type of law in question is listed" in Section 560.2(b)." *Id.* at 1005 (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If so, the analysis ends and the state law is preempted. *Id.* at 1006. Under Section 560.2(b),

> the types of state laws preempted by [HOLA] include, without limitation, state laws purporting to impose requirements regarding:
> . . .
> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
> . . .
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants.

Sections 560.2(b)(4), (9). Plaintiff's fraudulent omissions claim is based on his allegations that HSA failed to disclose that the 1.25% interest rate would only apply for one month and that the scheduled monthly payments would be insufficient to pay both principal and interest. The Court finds that these alleged failures to disclose fit squarely within Sections 560.2(b)(4) and (9). Accordingly, the fraudulent omissions claim is preempted by HOLA, and HSA's Motion is GRANTED as to Plaintiff's Third Claim for Relief.

**4.     PLAINTIFF'S FOURTH CLAIM FOR RELIEF, FOR VIOLATIONS OF THE UCL**

Plaintiff's fourth claim for relief, for unfair business practices in violation of the UCL, is brought against all Defendants. The UCL makes unlawful business practices actionable. Cal. Bus. & Prof. Code §§ 17200, *et seq.* "The UCL defines unfair competition as any unlawful, unfair or fraudulent business practice." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Both Aurora and HSA move to dismiss the UCL claim.

**4.1     Aurora**

In his Opposition to Aurora's Motion to Dismiss, Plaintiff admits that his UCL claim against Aurora is "based entirely" on Aurora's breach of contract. (Opp'n. 15:4-6; *see also* SAC ¶ 95.) Because Plaintiff fails to state a claim for breach of contract against Aurora, Plaintiff also fails to state a claim under the UCL. Accordingly, Aurora's Motion to Dismiss is GRANTED as to the UCL claim.

**4.2 HSA**

Plaintiff asserts that his amended UCL claim is "predicated entirely upon" HSA's breach of contract and the conduct that supports Plaintiff's fraudulent omissions claim. (Opp'n 18:2-5.) To the extent that the UCL claim is based on the fraudulent omissions claim, it is preempted by HOLA, as discussed in Section 3, *supra*. Thus, the remaining basis for a violation of UCL is the breach of contract claim against HSA.

A breach of contract may form the basis for UCL claims only if "*it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'*" *Puentes v. Wells Fargo Home Mtg., Inc.*, 160 Cal. App. 4th 638, 645 (2008) (emphasis in original). The Court finds that any facts alleged by Plaintiff that could lead to an inference of unlawful, unfair, or fraudulent conduct are facts based on the HOLA-preempted fraudulent omission claim. Because a breach of contract claim cannot form the basis for a UCL claim without additional unlawful, unfair, or fraudulent conduct, Plaintiff's UCL claim based on breach of contract fails as well. Thus, HSA's Motion to Dismiss is GRANTED as to the UCL claims.

**DISPOSITION**

Plaintiff has now been given three opportunities to produce a viable complaint. The Court is satisfied that the deficiencies of the SAC cannot be cured by further amendment, with the possible exception of the TILA claim relating to the equitable tolling doctrine. So except for the TILA claim, Defendants' Motions to Dismiss are GRANTED without leave to amend. *See Jackson*, 353 F.3d at 758. The first claim, for violation of TILA, is dismissed with leave to amend as to Defendant HSA. The third and fourth claims for fraudulent omissions and violations of UCL are DISMISSED without leave to amend as to all parties. The second claim

for breach of contract is DISMISSED without leave to amend as to Defendant Aurora. Under the March 31 Order, the second claim for breach of contract remains as to Defendant HSA.

IT IS SO ORDERED.

DATED: January 27, 2010

_____
Andrew J. Guilford
United States District Judge