JS - 6

O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN CONDER, JR., et al.,** | CASE NO. CV 07-7051 AG (CTx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| **HOME SAVINGS OF AMERICA, et al.,** | |
| Defendants. | |

This case, like many others before this Court, involves the sale of an option adjustable-rate mortgage loan. Plaintiff John Conder ("Plaintiff") filed a Fourth Amended Class Action Complaint ("4AC"). Defendant Home Savings of America ("Defendant" or "HSA") moves for partial dismissal of Plaintiff's claims ("Motion to Dismiss") and to strike certain allegations ("Motion to Strike"). After reviewing the papers and arguments submitted by the parties, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Strike as moot.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's TAC, and as it must for this Motion, the Court assumes them to be true.

Plaintiff refinanced his existing home loan on October 13, 2006, by purchasing an Option Adjustable Rate Mortgage ("Option ARM") loan from Defendant. (4AC ¶ 3.)

According to the loan documents Defendant gave Plaintiff, the loan featured a fixed "teaser" interest rate of 1.25% and a low payment rate for the first several years of the loan term. (4AC ¶ 26.) The Truth in Lending Disclosure Statement that Defendant gave Plaintiff included a payment schedule with monthly payments based on that 1.25% interest rate for the first several years of the loan term, while referencing a much higher APR. (4AC ¶ 26.) Although the required payment stayed low, Plaintiff's interest rate went up after the first month. (SAC ¶¶ 26-27.) As a result, Plaintiff's payments were not applied to his principal, and he experienced negative amortization on his home loan. (SAC ¶ 27.)

Plaintiff's First Amended Complaint ("FAC") was brought against Defendant. In the FAC, Plaintiff brought four claims, based on breach of contract; fraudulent omissions; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* On March 31, 2009, this Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's FAC ("March 31 2009 Order," Docket Entry 64). In the March 31 Order, the Court denied Defendant's motion to dismiss the breach of contract claim, but granted the motion as to the claims for fraudulent concealment, UCL, and TILA. The Court gave Plaintiff leave to amend his complaint.

Plaintiff then filed a Second Amended Complaint ("SAC"), adding Aurora Loan Services ("ALS") as a Defendant. Plaintiff brought four claims in the SAC, numbered as follows: (1) Violations of TILA, against HSA; (2) breach of contract, against all Defendants; (3) fraudulent omissions, brought against HSA; and (4) unfair competition in violation of UCL, against all

1 Defendants. Defendants filed partial motions to dismiss the SAC. This Court granted the
2 motions, and found that the "the deficiencies of the SAC cannot be cured by further amendment,
3 with the possible exception of the TILA claim relating to the equitable tolling doctrine."
4 (January 27, 2010 Amended Order Granting Defendants' Motions to Dismiss, Docket Entry 119
5 ("January 27, 2010 Order"), 10:19-22.) Except for the TILA claim, HSA's motion was granted
6 without leave to amend. ALS's motion was granted in its entirety, and ALS is no longer a party.
7 Plaintiff then filed a Third Amended Complaint ("TAC"). Soon after, the parties
8 stipulated that Plaintiff could file the 4AC, and Plaintiff did so. In the 4AC, Plaintiff asserts two
9 claims, numbered as follows: (1) TILA violations; and (2) breach of contract. Defendant once
10 again moves to dismiss Plaintiff's TILA violations claim.

**PRELIMINARY MATTERS**

Plaintiff filed objections to Defendant's appendix. The Court did not rely on the documents provided in Defendant's appendix, so the objections are OVERRULED as moot.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim

that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

**1.   MOTION TO DISMISS PLAINTIFF'S TILA CLAIM**

Defendant now moves to dismiss only Plaintiff's first claim for relief, for violations of TILA. Defendant moves to dismiss this claim because it is barred by the statute of limitations.

An action for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). The violation occurs upon consummation of the loan. *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). A loan is consummated at "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).

In its March 31, 2009 Order, the Court dismissed Plaintiff's claim for damages under TILA as time-barred, finding that Plaintiff did not bring the action within one year of the alleged TILA violations. Plaintiff amended his Complaint to add the "equitable tolling" doctrine. (SAC ¶¶ 57-59.) In the January 27, 2010 Order, the Court found that Plaintiff's claim for damages under TILA was time-barred as pled in the SAC, but the Court was "concerned that this issue was not sufficiently briefed." (January 27, 2010 Order 5:28-29.) The Court granted Defendant's

1  motion to dismiss the TILA claim with leave to amend so that the Court could "further examine
2  the applicability and application of the equitable tolling doctrine to the facts of this case."
3  (January 27, 2010 Order 5:9-11.)

4      "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the
5  limitations period [under TILA] until the borrower discovers or had reasonable opportunity to
6  discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at
7  915.  The equitable tolling doctrine can be applied if Plaintiff, "despite all due diligence," was
8  "unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac.*
9  *Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  The test is whether "a reasonable plaintiff would not
10 have known of the existence of a possible claim within the limitations period." *Id.*

11     Here, Plaintiff alleges that the disclosures provided to him before his loan closed violated
12 TILA by failing to adequately explain the nature of his loan.  (4AC ¶ 53.)  But Plaintiff also
13 alleges that the "violations of TILA and Regulation Z described in this Complaint are objectively
14 and reasonably apparent on the face of the documents provided to Plaintiff and Class Members,
15 because the disclosures provided can be determined to be incomplete and inaccurate by a
16 comparison among the [Truth in Lending Disclosure Statement], the other disclosure statements,
17 and the Note."  (4AC ¶ 76.)  The allegation that the violations were "objectively and reasonably
18 apparent on the face" of the documents Plaintiff received when his loan closed defeats Plaintiff's
19 equitable tolling argument.  Specifically, a "reasonable plaintiff would have . . . known of the
20 existence of a possible claim within the limitations period," *Santa Maria*, 202 F.3d at 1178, if
21 the violations were "objectively and reasonably apparent on the face," (4AC ¶ 76), of the
22 documents received at the loan closing.  *See Jozinovich v. JP Morgan Chase Bank N.A.*, No.
23 C09-03326 TEH, 2010 WL 234895, at *4 (N.D. Cal. Jan. 14, 2010) (allegations that TILA
24 violations "were apparent on the face" of loan documents defeated equitable tolling doctrine);
25 *Ung v. GMAC Mortgage, LLC*, No. EDCV 09-893-VAP (OPx), 2009 WL 2902434, at *2 (C.D.
26 Cal. Sept. 4, 2009) (no equitable tolling when plaintiff's complaint "state[d] the 'violations' of
27 TILA for which [the plaintiff sought] damages '[were] apparent on the face' of the documents");
28

5

Plaintiff argues that by alleging in paragraph 76 that the violations were "objectively and reasonably apparent on the face" of the loan documents, he "was alleging that the TILA violations were apparent to professionals," not "to a lay person like [Plaintiff]." (Opp'n 2:3-7.) But in *King*, the Ninth Circuit held that "the very existence of TILA imputes to the borrower knowledge of his rights." 784 F.2d at 914. Thus, ignorance of TILA or lack of sufficient expertise to understand loan terms is not sufficient to apply the equitable tolling doctrine. *See Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (holding that equitable tolling did not apply when "nothing prevented [the plaintiff] from comparing the loan contract, [the defendant's] initial disclosures, and TILA's statutory and regulatory requirements"); *see also Curtis v. Option One Mortgage Co.*, No. 109-cv-1608 AWI SMS, 2010 WL 599816, at * 8 (E.D. Cal. Feb. 18, 2010) (allegation that only an expert could have discovered TILA claims "is not an excusable delay sufficient to invoke [the] court's application of equitable tolling").

The facts alleged in the 4AC show that Plaintiff's TILA claims are time-barred, and that equitable tolling cannot apply. Accordingly, Defendant's Motion to Dismiss Plaintiff's TILA claim is GRANTED.

**2.      MOTION TO STRIKE**

Defendant moves to strike various allegations in the 4AC concerning TILA violations. Because the Court grants Defendant's Motion to Dismiss the TILA claim, the Motion to Strike is moot, and therefore DENIED.

**DISPOSITION**

The Court finds that the deficiencies in the 4AC cannot be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Accordingly, Defendant's Motion to Dismiss Plaintiff's first claim is GRANTED without leave to amend. Defendant's Motion to Strike is DENIED as moot.

IT IS SO ORDERED.

DATED: June 14, 2010

_____
Andrew J. Guilford
United States District Judge